# EXHIBIT A

06-2189

# REDACTED



**CORPORATION SERVICE COMPANY**

AYH / ALL
Transmittal Number: 4841577
Date Processed: 10/18/2006

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | SOP Scan - TransUnion<br>SOP - PowerBrief - Wilmington<br>Sop - Scan<br>Suite 400 2711 Centerville Road<br>Wilmington, DE 19808 |

| | |
|---|---|
| **Entity:** | Trans Union LLC<br>Entity ID Number  1884665 |
| **Entity Served:** | Trans Union LLC |
| **Title of Action:** | Joellen Lambiotte vs. A T & T Corporation |
| **Document(s) Type:** | Summons/Amended Complaint |
| **Nature of Action:** | Other |
| **Court:** | Circuit Court of Sebastian County, Fort Smith District, Arkansas |
| **Case Number:** | 2005-657 |
| **Jurisdiction Served:** | Arkansas |
| **Date Served on CSC:** | 10/17/2006 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Plaintiff's Attorney:** | Gregory S. Smith<br>479-782-8813 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

# PRYOR, ROBERTSON & BARRY, PLLC

### ATTORNEYS AT LAW
### 315 NORTH SEVENTH STREET
### P.O. DRAWER 848
### FORT SMITH, ARKANSAS 72902-0848
### www.prblaw.com

THOMAS B. PRYOR, P.A.*
RICHARD H. SMITH†
THOMAS E. ROBERTSON, JR.
L. CODY HAYES†
BEN T. BARRY
JOHN R. BEASLEY
GREGORY G. SMITH††
GREGORY T. KARBER
JOHN D. ALFORD, P.A.*
KENNETH W. COWAN†††
C. BRIAN MEADORS, P.A.††††

ROBERT D. KELLY
REBEKAH J. KENNEDY
DUSTI MILLER†††††
* Of Counsel

THOMAS B. PRYOR  (1869-1962)
THOMAS B. PRYOR JR.  (1904-1953)
G. BYRON DOBBS (1907-1976)
OWEN C. PEARCE (1917-1976)
DONALD F. CALLAWAY (1935-1984)

October 11, 2006

TELEPHONE (479) 782-8813
FAX (479)785-0254

Sender's E-mail: ggs@prblaw.com

Trans Union LLC
Successor to Trans Union Corporation
c/o Registered Agent for Service
The Prentice-Hall Corporation System
101 South Spring Street, Suite 220
Little Rock, AR  72201

**CERTIFIED MAIL/RESTRICTED DELIVERY**
**RETURN RECEIPT REQUIRED**
7005 1820 0005 9763 9376

 Re: Joellen Lambiotte and Phillip Karber, Et Ux v.
   AT&T Corp., Universal Card Services Corp., Citicorp Credit
   Services, Inc. (USA), and Trans Union Corporation;
   Sebastian County Circuit Court

Dear Sir or Madam:

 Please find enclosed a copy of the original Complaint, an Amended and Substituted Complaint with Summons attached, and Plaintiffs' Interrogatories and Requests for Production of Documents which we are serving pursuant to Arkansas law. Be advised that you have twenty (20) days in which to answer or otherwise respond to the Amended and Substituted Complaint.  You have forty-five (45) days in which to answer or otherwise respond to the Interrogatories and Requests for Production of Documents.

 Please govern your actions accordingly.

     Sincerely yours,

     PRYOR, ROBERTSON & BARRY, PLLC

     Gregory G. Smith

GGS/spm
Enclosures

| | |
|---|---|
| † | Also Licensed in Texas |
| †† | Also Licensed in California |
| ††† | Also Licensed in Oklahoma |
| †††† | Also Licensed in Virginia and D.C |
| ††††† | Also Licensed in Nevada |

‡ Northwest Arkansas Branch
 5311 Village Parkway
 Rogers, AR 72758-8102
 Telephone (479)254-0877

IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT
CIVIL DIVISION I

## *SUMMONS*
### CASE NO. CIV-2005-657

**PLAINTIFF(S):**

**JOELLEN LAMBIOTTE
AND PHILLIP KARBER, ET UX**

**DEFENDANT(S):**

**AT&T CORP., UNIVERSAL CARD
SERVICES CORP., CITICORP CREDIT
SERVICES, INC. (USA), AND TRANS
UNION CORPORATION**

**THE STATE OF ARKANSAS TO DEFENDANT**: TRANS UNION LLC (successor
to TRANS UNION CORPORATION)
C/o Registered Agent for Service
The Prentice-Hall Corporation System
101 South Spring Street, Ste. 220
Little Rock, AR 72201

## NOTICE

1.   You are hereby notified that a lawsuit has been filed against you; the relief asked
     is stated in the attached **Amended and Substituted Complaint** (and original
     complaint).
2.   The attached complaint will be considered admitted by you and a judgment by
     default may be entered against you for the relief asked in the complaint unless
     you file a pleading and thereafter appear and present your defense.  Your
     pleading or answer must meet the following requirements:
     a.   It must be in writing, and otherwise comply with the Arkansas Rules of Civil
          Procedure.
     b.   It must be filed in the Court Clerk's Office within 20 days from the day you
          were served with this Summons.
3.   If you desire to be represented by an attorney, you should immediately contact
     your attorney so that an answer can be filed for you within the time allowed.
4.   Additional Notices: **Response to the interrogatories and requests for production
     are due within 45 days from date of service.**

     **WITNESS** my hand and seal of the Court this date: October 11, 2006.

Ms. Nancy Brewer
Sebastian County Circuit Clerk
35 South Sixth Street
Fort Smith, AR 72901

BY: _Sandy Waggoner_
Deputy Clerk
(SEAL)

Attorney for Plaintiffs:
Gregory G. Smith
Pryor, Robertson & Barry, PLLC
P. O. Drawer 848
Fort Smith, AR 72902-0848
(479) 782-8813

IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT
CIVIL DIVISION I

**JOELLEN LAMBIOTTE**                                         **PLAINTIFF**

V.                              **CASE NO. 2005-657**

A T & T CORPORATION,
UNIVERSAL CARD SERVICES
CORP., CITICORP CREDIT
SERVICES, INC. (USA), AND
**TRANS UNION CORPORATION**                    **DEFENDANTS**

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT, TRANS UNION LLC (SUCCESSOR TO TRANS UNION CORPORATION)

COME NOW the plaintiffs, Joellen Lambiotte and Phillip E. Karber, and

propound to the defendant, Trans Union LLC (successor to Trans Union Corporation),

the following interrogatories and requests for production of documents:

### DEFINITION OF DOCUMENT

The term "document" shall refer to any written material (whether typed, hand

written, printed or otherwise) and any photograph, photostat, microfilm or any other

reproduction thereof, including but not limited to each record, note, memoranda, letter,

telegram, circular, release, computer printout, article, report, log, analysis, work order,

work paper, chart, account book, draft, summary, diary, transcript, agreement or

1

contract.

**INTERROGATORY AND REQUEST FOR PRODUCTION NO. 1:** Please give the name, address and position with or relation to the defendant of each person who answered, or assisted at answering, these interrogatories and requests for production of documents.

**INTERROGATORY AND REQUEST FOR PRODUCTION NO. 2:** Please state the names and complete present or last known addresses and telephone numbers of all persons who will or may be called as witnesses on your behalf at the trial of this lawsuit and for each such person give a short description of the facts to which said person may testify.

**INTERROGATORY AND REQUEST FOR PRODUCTION NO. 3:** If you contend that any person who may be called as a witness on your behalf at the trial of this lawsuit is an expert witness, then with respect to each such person please provide:

a.  the name, address and telephone number of each such person.

b.  the qualifications of such person to testify with respect to the subject matter investigated or a copy of their curriculum vitae.

c.  the subject matter on which the expert is expected to testify.

d.  the substance of the facts and the opinion(s) to which the expert is expected to testify.

e.  a summary of the grounds for each such opinion.

f.  a list of all tests, treatises, reports, depositions, records and other documents review by said expert in formulating his opinion(s).

And attach to your answer copies of all reports and other documents prepared or furnished by said expert(s) relating to this lawsuit.

2

**INTERROGATORY AND REQUEST FOR PRODUCTION NO. 4:** With respect

to each exhibit which you will or may introduce at the trial of this lawsuit, please:

a.     give a brief description of each such exhibit.

b.     state what such exhibit purports to show or represent.

c.     give the names and addresses of all persons who have copies of each
       such exhibit in their possession.

d.     state when and by whom each such exhibit was designed or prepared.

e.     attach a copy of each such exhibit.

**INTERROGATORY AND REQUEST FOR PRODUCTION NO. 5:**   Please

provide a copy of any chart, graph, drawing, presentation, reconstruction,

demonstration or other visual aid or item of demonstrative evidence that you or your

attorney intend to utilize at the trial in this case for any purpose.

**INTERROGATORY AND REQUEST FOR PRODUCTION NO. 11:** Please

provide copies of all documents, including but not limited to all credit reports regarding

the plaintiffs and all information used in any credit report regarding the plaintiffs.


                         **PRYOR, ROBERTSON & BARRY, PLLC**
                         315 North Seventh Street
                         P.O. Drawer 848
                         Fort Smith, AR 72902-0848
                         (479) 782-8813
                         GGS@prblaw.com

                         Gregory G. Smith
                         Arkansas Bar No. 78143

3

FILED
FT. SMITH DIST.

**IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS**
**FORT SMITH DISTRICT**
**CIVIL DIVISION I**

JOELLEN LAMBIOTTE AND
PHILLIP E. KARBER, et ux                                            **PLAINTIFFS**

V.                            **CASE NO. 2005-657**

A T & T CORP., UNIVERSAL
CARD SERVICES CORP.,
CITICORP CREDIT SERVICES, INC. (USA),
and TRANS UNION CORPORATION                                  **DEFENDANTS**

## AMENDED AND SUBSTITUTED COMPLAINT

COME NOW the plaintiffs, Joellen Lambiotte and Phillip E. Karber, and for their

amended and substituted complaint against the defendants, A T & T Corp. ("AT&T"),

Universal Card Services Corp. ("USC"), Citicorp Credit Services, Inc. ("Citicorp") and

Trans Union Corporation ("TUC"), state and allege as follows:

1.    The plaintiff, Joellen Lambiotte, adopts each and every allegation of its

original complaint as if set out herein word for word.

2.    The plaintiff, Phillip E. Karber, is the husband of Joellen Lambiotte and is

a permanent citizen and resident of the City of Cambridge, Massachusetts.

3.    The defendants, A T & T, Citicorp, USC and TUC are Delaware

corporations.  The defendant, TUC, is a credit reporting organization and subject to the

requirements of the Fair Credit Reporting Act, 15 U.S.C. §1601 et seq.

4.     This Court has jurisdiction over the subject matter and parties to this action. The basis for personal jurisdiction over the defendants is that they do business in this State. This Court is the proper venue for this action.

5.     For several years the plaintiff, Ms. Lambiotte, had a credit card with USC (the "USC Card"). In 1993 the plaintiff moved overseas using her credit card primarily for the purpose of making long distance telephone calls through the defendant, AT&T's long distance services. Beginning in the fall of 2002, Ms. Lambiotte was charged more than the agreed rate for long distance telephone services and objected to the charges. Thereafter, in December 2000 AT&T adjusted its charges by giving a credit to the plaintiff on her Citibank credit card.

6.     Thereafter, beginning in January 2001, AT&T resumed charging Ms. Lambiotte rates in excess of the agreed rate, to which plaintiff again objected.

7.     Beginning in at least mid-2003, three credit reporting organizations, Equifax Information Services, LLC, Experian Information Solutions, Inc. and TUC reported that Ms. Lambiotte's Citibank account number ▇▇▇▇▇▇▇▇▇5979 was disputed despite the fact that said credit card was being used by Ms. Lambiotte, payments were timely made in each month and that said credit card account had never been in dispute.

8.     As a result of AT&T's refusal to correct the misrepresentations regarding Ms. Lambiotte's account, Ms. Lambiotte was required to file suit against AT&T, Equifax Information Services, LLC, Experian Information Solutions, Inc. and TUC in the case of Joellen Lambiotte v. Equifax Information Services, LLC, et. seq., in the United States District Court, Western District of Arkansas, Fort Smith Division, Case No. 04-2053. A

copy of the complaint is attached to the original complaint as Exhibit "A".

9.      As a result of the litigation, Ms. Lambiotte, AT&T and TUC entered into settlement agreements and releases.  A copy of the settlement with AT&T is attached as Exhibit "B" to the original complaint.  A copy of the settlement agreement with TUC is attached hereto as Exhibit "A".

10.      Despite the parties' settlement, AT&T, Citicorp or USC, or all of them, have continued to report to TUC and other unknown credit reporting agencies that Ms. Lambiotte is in default with respect to her account.  A copy of a letter that the plaintiff received from AT&T was attached as Exhibit "C" to the original complaint.

11.      Plaintiffs' counsel has made several requests that AT&T provide information regarding the credit reporting agency to whom the alleged default was reported.  Copies of the correspondence from plaintiffs' counsel was attached as Exhibit "D" to the original complaint.  AT&T has refused to respond to the letters from plaintiffs' counsel.

12.      TUC has reported a negative history on Ms. Lambiotte's credit report.

13.      TUC has also reported a negative history on the credit report of the plaintiff, Mr. Phillip Karber, even though Mr. Karber was not a signatory on the USC card.

14.      AT&T, USC, Citicorp and TUC, jointly and severally, are liable to the plaintiffs under theories of breach of contract, libel, slander and intentional infliction of emotional distress.

15.      Additionally, or in the alternative, AT&T, USC, Citicorp and TUC have violated the Arkansas Deceptive Practices Act .

16.    Additionally, or in the alternative, AT&T, USC, Citicorp and TUC have violated the Fair Debt Collection Practices Act.

17.    As a result of the forgoing, AT&T, USC, Citicorp or TUC and are liable to the plaintiff for consequential and incidental damages in an amount determined by the trier of fact.

18.    Additionally, or in the alternative, TUC is liable to the plaintiff for consequential and incidental damages under the Fair Credit Reporting Act.

19.    The plaintiff is also entitled to a declaratory judgment establishing that AT&T, USC, Citicorp or AT&T, or several of them, breached the contract with Ms. Lambiotte and have made false representations regarding Ms. Lambiotte's account and Mr. Karber's liability therefor.

20.    The plaintiffs are further entitled to a permanent injunction ordering AT&T, USC, Citicorp and TUC to correct their records regarding Ms. Lambiotte's account, and to provide correct information regarding Ms. Lambiotte's account, and Mr. Karber's liability therefor, to all credit reporting agencies who have received false information from AT&T, USC and Citicorp, regarding the USC card, and to provide correct information to any credit reporting agency in the future.

21.    If the trier of fact determines that the conduct of AT&T, USC, Citicorp or TUC was intentional or reckless, the plaintiffs are entitled to an award of punitive damages.

22.    The recovery sought by the plaintiffs exceed the amount required for federal court jurisdiction in a diversity of citizenship case.

WHEREFORE, the plaintiffs pray that they be awarded the declaratory judgment

and the injunctive relief as requested above; that they be granted a judgment against the defendants for such compensatory, incidental or punitive damages as determined by the trier of fact; and that they be awarded their costs, a reasonable attorney's fee and all other proper relief.

**PRYOR, ROBERTSON & BARRY, PLLC**
315 North Seventh Street
P.O. Drawer 848
Fort Smith, AR 72902-0848
(479) 782-8813
GGS@prblaw.com

Gregory G. Smith
Arkansas Bar No. 78143

## CERTIFICATE OF SERVICE

I, Gregory G. Smith, certify that I mailed a true and correct copy of the foregoing instrument on this 12th day of September, 2006 to the following:

Mr. N. M. Norton
WRIGHT, LINDSEY & JENNINGS, LLP
200 West Capitol Ave., Suite 2300
Little Rock, AR 72201-3699

Gregory G. Smith

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOELLEN LAMBIOTTE,

                Plaintiff,

      v.

EQUIFAX INFORMATION SERVICES, LLC,          CIVIL ACTION NO.: 04-2053
EXPERIAN INFORMATION SOLUTIONS,
INC., TRANS UNION CORPORATION, and
AMERICAN TELEPHONE AND
TELEGRAPH,

                Defendants.

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

### I.
### RECITATIONS

WHEREAS, Joellen Lambiotte, (hereinafter "Plaintiff") has brought a civil action in the United States District Court for the Western District of Arkansas, Fort Smith Division, Civil Case No. 04-2053 (hereinafter the "Lawsuit").

WHEREAS, also made a party to this Confidential Settlement and Release Agreement is Plaintiff's husband, Phil Karber (Plaintiff and her husband are hereinafter collectively referred to as the "Releasing Parties").

WHEREAS, it is the desire of the parties to this Confidential Settlement and Release Agreement (hereinafter the "Agreement") to resolve all disputes, asserted or unasserted, arising out of, or any way related to any acts, failure to act, omissions, facts, events, misrepresentations, transactions, occurrences, or other matters which were or could have been set forth, alleged, embraced by, or otherwise referred to at any time in the Lawsuit.

830721.1/SP2/83057/0276/042104

NOW THEREFORE, in consideration of the mutual covenants, promises and agreements contained in this Agreement, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree to the terms set forth in paragraph II. below.

## II.
## TERMS OF AGREEMENT

A.      In consideration for the covenants, promises, and agreements granted herein and Trans Union's (1) deletion of Citibank account no. ████████-3857 from Plaintiff's credit file; (2) deletion of the comment "account info disputed by consumer" referenced on Citibank account no. ████████-5979 that had previously been removed in or around February or March of 2004; and (3) Trans Union's payment in the amount of ████████████████████ ($██████), payable to Plaintiff Joellen Lambiotte and her attorneys Pryor Robertson & Barry, PLLC, the Releasing Parties do hereby compromise, settle, fully release, and forever discharge Trans Union LLC, its attorneys, insurers, officers, directors, stockholders, agents, servants, representatives, employees, successors, predecessors, assigns, parents, affiliates and subsidiaries, but not intended to include any other named defendant, whether named herein or not (hereinafter collectively referred to as "Defendant"), of and from any and all claims, demands, controversies, actions, or causes of action of whatever kind or character, whether known or unknown, which the Releasing Parties have held or may now or in the future hold for alleged damages or relief of any kind against Trans Union LLC, that may have arisen or exist based on action or inaction that has occurred as of the date of the Releasing Parties' execution of this Agreement. This is not a release of future claims arising after the date

Page 2

this release is signed by the Releasing Parties.  The Releasing Parties further agree not to initiate any complaint, investigation, or proceeding against Defendant with the Federal Trade Commission, Arkansas Attorney General, Better Business Bureau, or any other federal, state or local law enforcement, regulatory or administrative commission, group, board or person, whether public or private, regarding any acts, failure to act, omissions, facts, events, misrepresentations, transactions, occurrences or other matters which are the subject matter of this Agreement.

B.      Plaintiff states that she has reviewed her Trans Union credit file dated April 20, 2004, attached hereto as **Exhibit 1**, and that the information contained in that report belongs to Plaintiff and is accurate.  Plaintiff understands that despite deletion of the comment "account info disputed by consumer" referenced on Citibank account no. ████████-5979 that this information can reappear if Citibank begins to re-report it.

C.      Court costs shall be paid by the party incurring same.

D.      The Releasing Parties warrant and covenant that the claims herein released have not been assigned or encumbered in any way.

E.      The Releasing Parties understand and agree that this Agreement is a compromise of disputed claims and that the above-referenced payment and release is not to be construed or used as an admission of liability on the part of Defendant by which liability is expressly denied.

F.      Should any part or portion of this Agreement be determined invalid for any reason, the parties hereto understand and agree that the remaining portions hereof shall continue in effect. FURTHER, ALL PARTIES HERETO UNDERSTAND AND AGREE THAT THIS AGREEMENT SHALL BE INTERPRETED AND CONSTRUED

Page 3

UNDER THE LAWS OF THE STATE OF ARKANSAS WHICH ARE IN EFFECT ON THIS DATE.

      G.    All parties hereto understand and agree that an Order Of Dismissal With Prejudice will be entered in the Lawsuit, which is presently pending in the United States District Court for the Western District of Arkansas, Fort Smith Division, Civil Case No. 04-2053, disposing of claims asserted against Trans Union LLC therein.  All parties hereto represent that they shall execute and deliver any and all further documents as may be reasonably necessary to effectuate the terms of this Agreement.

      H.    This Agreement contains the entire agreement between the parties hereto and the terms of this Agreement are contractual and not mere recitals. This Agreement shall be binding and is binding upon the heirs, successors, and assigns of the parties to this Agreement.

      I.    In making this Agreement, the Releasing Parties have not relied upon any statement or representation pertaining to this matter made by Defendant or its counsel.

      J.    The Releasing Parties state that they have carefully read the foregoing Agreement, have had the opportunity to consult with their attorney, know the contents hereof, and have signed this Agreement of their own free act and for the purposes and consideration expressed herein.

      K.    The Releasing Parties understand and agree that the amount of this settlement is confidential.  The Releasing Parties shall not disclose the amount of this Agreement to any person or entity, except to an attorney for purposes of obtaining legal advice or an accountant for purposes of obtaining tax advice.

      L.    This Agreement shall not be construed against the drafter.

830721.1/SP2/83057/0276/042104

_JOELLEN LAMBIOTTE_

**JOELLEN LAMBIOTTE**

STATE OF ARKANSAS          §
                           §
COUNTY OF Sebastian        §

BEFORE ME, the undersigned authority, on this day personally appeared

**JOELLEN LAMBIOTTE**, known to me to be the person whose name is subscribed to

the foregoing instrument, and acknowledged to me that she executed same for the

purposes and consideration therein expressed.

Given under my hand and seal of office this the 6th day of May ,

2004.

(seal/stamp)

Notary Public in and for the State of Arkansas

My Commission Expires: 9-10-05

630721.1/SP2/83057/0278/042104

**PHIL KARBER**

STATE OF ARKANSAS          §
                          §
COUNTY OF Sebastian       §

BEFORE ME, the undersigned authority, on this day personally appeared **PHIL KARBER**, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed same for the purposes and consideration therein expressed.

Given under my hand and seal of office this the _10th_ day of _May_, 2004.

(seal/stamp)

Notary Public in and for the State of Arkansas

My Commission Expires: _9-10-05_

830721.1/SP2/83057/0276/042104

# EXHIBIT 1

```
3   *** 117049696-029 ***          YOUR TRANS UNION FILE NUMBER: 117049696
    P.O. Box 2000                   PAGE  1 OF  4
    Chester, PA 19022               DATE THIS REPORT PRINTED: 04/20/2004

    RETURN SERVICE REQUESTED        SOCIAL SECURITY NUMBER:        5851
                                    BIRTH DATE:
                                    YOU HAVE BEEN IN OUR FILES SINCE: 07/1981
                                    PHONE: 881-8968
```

CONSUMER REPORT FOR:

```
    LAMBIOTTE, JOELLEN, B
    5 GALEN ST
    WATERTOWN, MA 02472
```

FORMER ADDRESSES REPORTED:

```
    332 LOUISE DR, CORPUS CHRISTI, TX 78404
```

EMPLOYMENT DATA REPORTED:

```
    PATHFINDER INTRANET              PLANNED PARENTHOOD
    DATE REPORTED: 07/2001           DATE REPORTED: 02/1996

    JOINT FOUNDATION SUPPORT
    275 MADISON AV
    NEW YORK, NY
    POSITION: PROG ASSOC
    DATE REPORTED: 07/1983
```

                        YOUR CREDIT INFORMATION

THE FOLLOWING ACCOUNTS ARE REPORTED WITH NO ADVERSE INFORMATION

```
AMERICAN EXPRESS        3             0752 REVOLVING ACCOUNT
                                          CREDIT CARD
    UPDATED 04/2004    BALANCE:      $0   INDIVIDUAL ACCOUNT
    OPENED  02/1992    MOST OWED:  $1098  CREDIT LIMIT:    $15600
    PAID OFF 02/2004
    STATUS AS OF 04/2004: PAID OR PAYING AS AGREED
    IN PRIOR 48 MONTHS FROM LAST UPDATE NEVER LATE


HOUSEHOLD/SAKS FIFTH AVE 8         0133   REVOLVING ACCOUNT
                                          CHARGE ACCOUNT
    UPDATED 04/2004    BALANCE:      $0   INDIVIDUAL ACCOUNT
    OPENED  10/2001    MOST OWED:   $141  CREDIT LIMIT:     $600
    PAID OFF 11/2001
    STATUS AS OF 04/2004: PAID OR PAYING AS AGREED
    IN PRIOR 11 MONTHS FROM LAST UPDATE NEVER LATE
```

REPORT ON LAMBETTE, JOELLEN, B
SOCIAL SECURITY NUMBER: ███████        TRANS UNION FILE NUMBER: ████9696

CITIBANK SOUTH DAKOTA NA #████████6579    REVOLVING ACCOUNT
                                          CREDIT CARD
    UPDATED  06/2004    BALANCE:    $19063   INDIVIDUAL ACCOUNT
    OPENED   12/1992                         PAY TERMS:  MINIMUM 60
    CLOSED   06/2000               CREDIT LIMIT:    $26000
    STATUS AS OF 06/2004: PAID OR PAYING AS AGREED
    IN PRIOR 16 MONTHS FROM LAST UPDATE NEVER LATE

LORD & TAYLOR/MAY        #████5302        REVOLVING ACCOUNT
                                          CHARGE ACCOUNT
    UPDATED  01/2004   BALANCE:       $0    INDIVIDUAL ACCOUNT
    OPENED   05/2000   MOST OWED:   $505
    PAID OFF 06/2000
    STATUS AS OF 01/2004: PAID OR PAYING AS AGREED
    IN PRIOR  8 MONTHS FROM LAST UPDATE NEVER LATE

MACYS NEW YORK          #████2920        REVOLVING ACCOUNT
                                          CHARGE ACCOUNT
    UPDATED  09/2003   BALANCE:       $0    INDIVIDUAL ACCOUNT
    OPENED   05/1983   MOST OWED:   $796    CREDIT LIMIT:     $1900
    PAID OFF 11/1994
    STATUS AS OF 09/2003: PAID OR PAYING AS AGREED

DM MANAGEMENT/HSN       #████4340        REVOLVING ACCOUNT
                                          COMBINED CREDIT PLAN
    UPDATED  01/2003   BALANCE:       $0    INDIVIDUAL ACCOUNT
    OPENED   07/2002   MOST OWED:   $123    CREDIT LIMIT:     $1500
    PAID OFF 10/2002
    STATUS AS OF 01/2003: PAID OR PAYING AS AGREED
    IN PRIOR  6 MONTHS FROM LAST UPDATE NEVER LATE

SAKS INCORPORATED       #████0253        REVOLVING ACCOUNT
                                          CHARGE ACCOUNT
    UPDATED  08/2002   BALANCE:       $0    INDIVIDUAL ACCOUNT
    OPENED   10/2001   MOST OWED:   $143    CREDIT LIMIT:      $800
    PAID OFF 12/2001
    STATUS AS OF 08/2002: PAID OR PAYING AS AGREED
    IN PRIOR 10 MONTHS FROM LAST UPDATE NEVER LATE

AMERICAN EXPRESS        #████4343 OPEN ACCOUNT
ACCOUNT CLOSED BY CONSUMER              CREDIT CARD
    UPDATED  06/2002   BALANCE:       $0    INDIVIDUAL ACCOUNT
    OPENED   03/1992   MOST OWED:    $55
    CLOSED   03/2001
    STATUS AS OF 06/2002: PAID OR PAYING AS AGREED
    IN PRIOR  1 MONTH  FROM LAST UPDATE NEVER LATE

AMERICAN EXPRESS        #████4242 REVOLVING ACCOUNT
ACCOUNT CLOSED BY CONSUMER              CREDIT CARD
    UPDATED  11/2001   BALANCE:       $0    INDIVIDUAL ACCOUNT
    OPENED   02/1992   MOST OWED:   $343
    CLOSED   03/2001
    STATUS AS OF 11/2001: PAID OR PAYING AS AGREED
    IN PRIOR  1 MONTH  FROM LAST UPDATE NEVER LATE

REPORT ON LAMSIOTTI, JOELLEN, B                        **PAGE 3 OF 4**
SOCIAL SECURITY NUMBER: ████5261     TRANS UNION FILE NUMBER: ████8596

BANK OF AMERICA NA    # ████████1807    REVOLVING ACCOUNT
ACCOUNT CLOSED BY CONSUMER                CREDIT CARD
   UPDATED 04/1997  BALANCE:     $0    INDIVIDUAL ACCOUNT
   OPENED  02/1995  MOST OWED:   $0    CREDIT LIMIT:  $7500
   PAID OFF 03/1995
   STATUS AS OF 04/1997: PAID OR PAYING AS AGREED

THE FOLLOWING COMPANIES HAVE RECEIVED YOUR CREDIT REPORT.  THEIR INQUIRIES REMAIN ON YOUR CREDIT REPORT FOR TWO YEARS.

|  | INQUIRY TYPE | DATE |
|---|---|---|
| SUBSCRIBER NAME |  |  |
| CITI CARDS CBSDNA | INDIVIDUAL | 11/20/2003 |
|   PERMISSIBLE PURPOSE = ACCOUNT REVIEW |  |  |
| CHASE MANHATTAN VIA KROLL FACTUAL DATA | INDIVIDUAL | 10/24/2003 |
|   PERMISSIBLE PURPOSE - CREDIT TRANSACTION |  |  |
| FLEET BANK/CASH RES | INDIVIDUAL | 05/16/2002 |

THE COMPANIES LISTED BELOW RECEIVED YOUR NAME, ADDRESS AND OTHER LIMITED INFORMATION ABOUT YOU SO THEY COULD MAKE A FIRM OFFER OF CREDIT OR INSURANCE. THEY DID NOT RECEIVE YOUR FULL CREDIT REPORT, AND THESE INQUIRIES ARE NOT SEEN BY ANYONE BUT YOU.

|  | DATE |
|---|---|
| SUBSCRIBER NAME |  |
| CAPITAL ONE FSB | 08/2003 |
| CAPITAL ONE BANK | 11/2003 |
| CAPITAL ONE FSB | 11/2003 |

THE COMPANIES LISTED BELOW OBTAINED INFORMATION FROM YOUR CONSUMER REPORT FOR THE PURPOSE OF AN ACCOUNT REVIEW OR OTHER BUSINESS TRANSACTION WITH YOU. THESE INQUIRIES ARE NOT DISPLAYED TO ANYONE BUT YOU AND WILL NOT AFFECT ANY CREDITOR'S DECISION OR ANY SCORE (EXCEPT INSURANCE COMPANIES MAY HAVE ACCESS TO OTHER INSURANCE COMPANY INQUIRIES, WHERE PERMITTED BY LAW.)

|  | DATE |
|---|---|
| SUBSCRIBER NAME |  |
| DIRECT TO CONSUMER VIA INTERSECTIONS, INC | 10/2003 |
|   PERMISSIBLE PURPOSE - CREDIT TRANSACTION |  |
| SAKS FIFTH AVENUE | 04/2002 |
| SAKS FIFTH AVENUE | 05/2002 |

REPORT ON LAMBIOTTE, JOELLEN, B                                    PAGE 4 OF 4
SOCIAL SECURITY NUMBER: ████████5861        TRANS UNION FILE NUMBER: ████████9596

---

SHOULD YOU WISH TO INITIATE AN INVESTIGATION, YOU MAY DO SO,

AT OUR WEB-SITE:
WWW.TRANSUNION.COM/INVESTIGATE

BY MAIL, AFTER COMPLETING AND RETURNING THE ENCLOSED INVESTIGATION
REQUEST FORM TO:
TransUnion Consumer Relations
P.O. Box 2000
Chester, PA 19022-2000

BY PHONE:
1-800-916-8800
OUR BUSINESS HOURS IN YOUR TIME ZONE ARE:
8:30 A.M. TO 4:30 P.M., MONDAY-FRIDAY, EXCEPT MAJOR HOLIDAYS.
PLEASE HAVE YOUR TRANSUNION FILE NUMBER LOCATED AT THE TOP OF THIS PAGE
AVAILABLE.

---

IMPORTANT

---

INVESTIGATIONS ARE CONCLUDED WITHIN 30 DAYS FROM THE DATE WE RECEIVE
YOUR REQUEST. A REPORT REFLECTING THE RESULTS OF THE INVESTIGATION WILL
BE SENT TO YOU BY U.S. MAIL AT THE CONCLUSION OF THE INVESTIGATION.

**PHIL KARBER**

STATE OF ARKANSAS §
§
COUNTY OF Sebastian §

BEFORE ME, the undersigned authority, on this day personally appeared **PHIL KARBER**, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed same for the purposes and consideration therein expressed.

Given under my hand and seal of office this the 10th day of May, 2004.

(seal/stamp)

Notary Public in and for the State of Arkansas
My Commission Expires:  9-10-05

830721.1/SP2/83057/0278/042104

_Joellen Lambiotte_
**JOELLEN LAMBIOTTE**

STATE OF ARKANSAS     §
                        §
COUNTY OF _Sebastian_  §

BEFORE ME, the undersigned authority, on this day personally appeared

**JOELLEN LAMBIOTTE**, known to me to be the person whose name is subscribed to

the foregoing instrument, and acknowledged to me that she executed same for the

purposes and consideration therein expressed.

Given under my hand and seal of office this the _6 th_ day of _May_,

2004.

(seal/stamp)

_[notary seal: PAM DREWER NOTARY PUBLIC ... COUNTY, ARKANSAS]_

_____
Notary Public in and for the State of Arkansas

My Commission Expires: _9-10-05_

830721.1/SP2/83057/0276/042104



IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT
CIVIL DIVISION _I_

JOELLEN LAMBIOTTE                                                    PLAINTIFF

V.                                    CASE NO. 2005-_657_

A T & T CORPORATION                                                 DEFENDANT

## COMPLAINT

COMES NOW the plaintiff, Joellen Lambiotte, and for her cause of action against

the defendant, A T & T Corporation ("AT&T"), states and alleges as follows:

1.     The plaintiff is a permanent citizen and resident of the City of Fort Smith,

Sebastian County, Arkansas.  The defendant, A T & T Corporation, is a Delaware

Corporation.

2.     This Court has jurisdiction over the subject matter and parties to this

action.  The basis for personal jurisdiction over the defendant is that it does business in

this State.  This Court is the proper venue for this action.

3.     For several years the plaintiff had a credit card with Citibank.  In 1993 the

plaintiff moved overseas using her credit card primarily for the purpose of making long

distance telephone calls through the defendant, AT&T's long distance services.  The

rates agreed to by the plaintiff were the same as advertised by AT&T.  Beginning in the

fall of 2002, the plaintiff was charged more than the agreed rate for long distance

telephone services and objected to the charges.  Thereafter, in December 2000 AT&T adjusted its charges by giving a credit to the plaintiff on her Citibank credit card.

4.      Thereafter, beginning in January 2001, AT&T resumed charging plaintiff rates in excess of the agreed rate, to which plaintiff again objected.

5.      Beginning in 2002 and continuing for a period of approximately 19 months, the plaintiff, through her attorney, made innumberable efforts to resolve the credit card dispute between plaintiff and AT&T without success.

6.      Beginning in at least mid-2003, three credit reporting organizations, Equifax Information Services, LLC, Experian Information Solutions, Inc. and Trans Union Corporation, reported that plaintiff's Citibank account number▮▮▮▮▮▮▮▮ 5979 was disputed despite the fact that said credit card was being used by plaintiff, payments were timely made in each month and that said credit card account had never been in dispute.

7.      As a result of AT&T's refusal to correct the misrepresentations regarding the plaintiff's account, the plaintiff was required to file suit against AT&T, Equifax Information Services, LLC, Experian Information Solutions, Inc. and Trans Union Corporation in the case of Joellen Lambiotte v. Equifax Information Services, LLC, et. seq., in the United States District Court, Western District of Arkansas, Fort Smith Division, Case No. 04-2053.  A copy of the complaint is attached hereto as Exhibit "A".

8.      As a result of the litigation, the plaintiff and AT&T entered into a settlement agreement and release.  A copy of which is attached hereto as Exhibit "B".

9.      Despite the parties' settlement, AT&T has continued to report to unknown credit reporting agencies that the plaintiff was in default with respect to her account.  A

copy of a letter that the plaintiff received from AT&T is attached as Exhibit "C".

10. Plaintiff's counsel has made several requests that AT&T provide information regarding the credit reporting agency to whom the alleged default was reported. Copies of the correspondence from plaintiff's counsel is attached as Exhibit "D". AT&T has refused to respond to the letters from plaintiff's counsel.

11. AT&T is liable to the plaintiff under theories of breach of contract, libel, slander and intentional infliction of emotional distress.

12. Additionally, or in the alternative, AT&T has violated the Arkansas Deceptive Practices Act .

13. Additionally, or in the alternative, AT&T has violated the Fair Debt Collection Practices Act.

14. As a result of the forgoing, AT&T is liable to the plaintiff for consequential and incidental damages in an amount determined by the trier of fact.

15. The plaintiff is also entitled to a declaratory judgment establishing that AT&T breached its contract with the plaintiff and AT&T as to the amount of charges for long distance telephone services and that AT&T has made false representations regarding the plaintiff's account.

16. The plaintiff is further entitled to a permanent injunction ordering AT&T to correct its records regarding the plaintiff's account, to provide correct information regarding plaintiff's account to all credit reporting agencies, who have received false information from AT&T regarding her account, and to provide correct information to any credit reporting agency in the future.

17. If the trier of fact determines that AT&T's conduct was intentional or

reckless, the plaintiff is entitled to an award of punitive damages.

18.     The recovery sought by the plaintiff exceeds the amount required for federal court jurisdiction in a diversity of citizenship case.

**WHEREFORE**, the plaintiff prays that she be awarded the declaratory judgment and the injunctive relief as requested above; that she be granted a judgment for such compensatory, incidental or punitive damages as determined by the trier of fact; and that she be awarded her costs, a reasonable attorney's fee and all other proper relief.

**PRYOR, ROBERTSON & BARRY, PLLC**
315 North Seventh Street
P.O. Drawer 848
Fort Smith, AR 72902-0848
(479) 782-8813
GGS@prblaw.com

Gregory G. Smith
Arkansas Bar No. 78143



PLAINTIFF'S
EXHIBIT

A

U. S. DIS____
WESTERN DI____
F____

FEB 23 2004

CHRIS R. JOHNSON, CLERK

BY ____
____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOELLEN LAMBIOTTE                                                       PLAINTIFF

        v.                      Case No. 04-2053

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION CORPORATION, and
AMERICAN TELEPHONE AND TELEGRAPH                           DEFENDANTS

## COMPLAINT

        Comes the Plaintiff, Joellen Lambiotte, and for her cause of action against the

Defendants, states and alleges and as follows:

        1.      The Plaintiff is a permanent citizen and resident of the City of Fort Smith, State of

Arkansas. The Defendant, Equifax Information Services, LLC ("Equifax"), is a credit reporting

organization located in Georgia and subject to the requirements of the Fair Credit Reporting Act,

15 U.S.C. §1601 *et seq.* and doing business in the Western District of the State of Arkansas. The

Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit reporting organization

located in California and subject to the requirements of the Fair Credit Reporting Act, 15 U.S.C.

§1601 *et seq.* and doing business in the Western District of the State of Arkansas. The

Defendant, Trans Union Corporation ("Trans Union"), is a credit reporting organization located

in Delaware and subject to the requirements of the Fair Credit Reporting Act, 15 U.S.C. §1601 *et*

*seq.* and doing business in the Western District of the State of Arkansas. The Defendant,

American Telephone and Telegraph ("AT&T"), a Delaware corporation, is and has been a

creditor of the Plaintiff.

        2.      This Court has jurisdiction pursuant to the requirements of the Fair Credit

Reporting Act, 15 U.S.C. §1681. Proper venue lies herein.

COUNT I

3.      The allegations contained in paragraphs 1 and 2 are realleged and incorporated

herein.

4.      Beginning during the 1990s, the Plaintiff, while residing overseas, applied for and

received a credit card, primarily for the purpose of making long distance telephone calls utilizing

the Separate Defendant, AT&T long distance services. The rates for said services were as

advertised by AT&T, and as agreed to by the Plaintiff. Beginning in the fall 2002, Plaintiff was

charged more than the agreed upon rate for long distance telephone services and objected to the

charges. Thereafter, in December 2000 AT&T adjusted its charges by giving a credit to Plaintiff

on her then existing Citibank credit card.

5.      Thereafter, beginning January 2001, AT&T resumed charging Plaintiff rates in

excess of that advertised, and agreed to, by and between AT&T and Plaintiff, to which Plaintiff

again objected. Said charges were being made to Plaintiff's personal credit card, Citibank Card

No. ████████████3857.

6.      Subsequent thereto, in the fall of 2001, AT&T caused Trans Union to report the

credit card indebtedness as "not paid as agreed" between Plaintiff and AT&T, a statement that

was wrong, and known to be wrong, by AT&T.

7.      Beginning in 2002 and continuing for a period of approximately 19 months, the

Plaintiff, by and through her attorney, made innumerable efforts to resolve the credit card dispute

between Plaintiff and AT&T, without success, thereby causing damage to Plaintiff's credit

rating.

COUNT II

8.    The allegations contained in paragraphs 1 through 7 are realleged and incorporated herein.

9.    Beginning in at least mid-2003, all three credit reporting Defendants, Equifax, Experian and Trans Union, have reported that Plaintiff's Citibank account number██████ ████-5979 is disputed despite the fact that said credit card is currently used by Plaintiff, payments have been timely made in each month Plaintiff has used it and that said credit card account has never been in dispute. Said credit reporting by the credit reporting Defendants, despite there being no factual basis therefor, has been so reckless as to constitute willful violations of the Fair Credit Reporting Act.

RELIEF REQUESTED

10.    The Plaintiff asks that the Court issue its declaratory judgment and such injunctive relief as may be necessary, (1) establishing that the separate Defendant, AT&T, breached its contract by and between the Plaintiff and AT&T as to the amount of charges for long distance telephone services; (2) that each of the credit reporting agencies have negligently and/or wilfully violated the Fair Credit Reporting Act by misreporting the facts as to Citibank account number ██████████-3857 and Citibank account number ██████████-5979, and (3) that the court award such damages as are available under the Fair Credit Reporting Act and attorney's fees.

WHEREFORE, the Plaintiff prays that she have declaratory judgment and injunctive relief as requested herein, damages as available under the Fair Credit Reporting Act, attorney's fees, costs, and all other proper relief.

Respectfully submitted,

PRYOR, ROBERTSON
      & BARRY, PLLC
315 North Seventh Street
P.O. Drawer 848
Fort Smith, AR 72902-0848
(479) 782-8813

By: _____
      Gregory T. Karber
      Ark. Bar No. 79110
      Attorney for Plaintiff



PLAINTIFF'S
EXHIBIT
B

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is made and entered into by **Joellen Lambiotte,** ("Plaintiff") and **AT&T Corp.** ("Defendant"), improperly pleaded as American Telephone and Telegraph. The aforesaid shall be referred to hereinafter collectively as the "Parties".

**WHEREAS:**

1.    Plaintiff commenced an action captioned **Joellen Lambiotte v. Equifax Information Services, LLC, et al.,** in the United States District Court in and for the Western District of Arkansas, Fort Smith Division, with the Case No. 04-2053 (the "Action"). Plaintiff alleged that Defendant was liable for damages because Defendant billed her for telephone services improperly.

2.    Defendant denies any allegations of wrongdoing and disclaims any and all liability.

3.    The Parties have entered into this Settlement Agreement for the sole purpose of resolving any and all disputes, difference, claims, demands, and causes of action between Plaintiff and Defendant in order to avoid the burden, expense, delay, and uncertainties of continued litigation.

**NOW, THEREFORE**, in consideration of the foregoing premises and the mutual promises herein contained and for other good and valuable consideration, it is agreed by and among the Parties as follows:

4.    Upon the execution of this Settlement Agreement, Defendant agrees to issue a check to Plaintiff in the amount of $██████. Plaintiff represents and warrants that she has not previously assigned and/or transferred any portion of the claims released under this Settlement Agreement, and that no other individual, firm, corporation or other entity has any lien, claim or interest in any such claims, including, but not limited to, any claim or interest arising out of, related to or connected with the Action. Plaintiff further covenants and agrees that this Settlement Agreement is a bar to any such released claim, action, suit, or proceeding. Plaintiff further covenants and agrees not to bring, induce, or assist, except to the extent required by law or process, any claim, action or proceeding of any kind or nature brought by any person against any party to this Settlement Agreement, or against any person or entity affiliated with Defendant, directly or indirectly, arising out of or relating to the matters released by this Settlement Agreement.

5.    Plaintiff, on her own behalf and on behalf of her agents, assigns, successors, predecessors, heirs, executors,

administrators, and legal representatives, hereby releases and forever discharges Defendant, and its respective directors, officers, agents, shareholders, employees, independent contractors, advertising agencies, representatives, assigns, successors, predecessors, heirs, executors, administrators, related entities (including, without limitation, any other parent, subsidiary and affiliated companies) and legal representatives, of and from any and all manner of action or actions, claims, demands, damages, losses, actions, causes of action or suits of whatever kind or nature, whether known or not known to the date hereof, which Plaintiff may have by reason of any matter, fact, cause or thing of any conceivable kind or character whatsoever, including, without limitation, the alleged violations of rights referred to in the Action and any other claim or claims that could have been brought in the Action.

6.    This Settlement Agreement constitutes the entire Agreement of the Parties with respect to the subject matter hereof and there are no other agreements of any nature among or between the Parties hereto.    Modification of this Settlement Agreement shall only be in writing and signed by all Parties.

7.    This Settlement Agreement is not and shall not in any way be construed as an admission by Defendant, or its

- 3 -

respective directors, officers, agents, advertising
agencies, shareholders, employees, independent contractors,
assigns, successors, or other representatives, of any acts
for which liability may attach. Rather this Settlement
Agreement constitutes the good faith settlement of disputed
claims.

8. Plaintiff agrees that the confidentiality of this
Settlement Agreement is a material consideration for
Defendant's entering into this Settlement Agreement.
Accordingly, neither the Plaintiff, nor her agents,
employees, affiliates, assigns, successors, attorneys, or
other representatives, shall disclose any terms or contents
of this Settlement Agreement or the negotiations which led
to this Settlement Agreement (including, but not limited to,
the amount paid to the Plaintiff) to any person or entity
not a party hereto. Provided that prior written notice of
disclosure and an opportunity to oppose or limit disclosure
is given to Defendant and/or, this paragraph shall not
preclude:

(A) the disclosure of the terms of this
Settlement Agreement by the Parties in any court proceeding
brought by or against any party for the enforcement of any
right accruing in favor of or against such party under this
Settlement Agreement or in defense of any court proceeding
brought against any party to enforce any claim that is the

subject of this Settlement Agreement.  For purposes of this Settlement Agreement, the term "court proceeding" shall include any settlement conference, court ordered arbitration or mediation in the Action; or

      (B)  the disclosure of the terms of the Settlement Agreement by the parties in response to a court order or process or as required by any applicable law or regulation or for the purpose of obtaining legal or financial advice from any person or entity that owes a duty of confidentiality to the disclosing entity.

     9.  This Settlement Agreement may be executed in any number of counterparts, all of which together shall constitute one Agreement.

Dated: _18 June 2004_

_____
AT&T Corp.

Dated: _____

_____
BY:

_____
Title

- 5 -

subject of this Settlement Agreement.  For purposes of this Settlement Agreement, the term "court proceeding" shall include any settlement conference, court ordered arbitration or mediation in the Action; or

　　　　(B)  the disclosure of the terms of the Settlement Agreement by the parties in response to a court order or process or as required by any applicable law or regulation or for the purpose of obtaining legal or financial advice from any person or entity that owes a duty of confidentiality to the disclosing entity.

　　9.　This Settlement Agreement may be executed in any number of counterparts, all of which together shall constitute one Agreement.

Dated: _18 June 2004_

_Collen Limbotte_
AT&T Corp.

BY: _____

_Senior Attorney_
Title

Dated: _June 29, 2004_

Feb 08 05 12:39a      Joellen Lambiotte           026376133



PLAINTIFF'S
EXHIBIT
C



AT&T Universal Card

**Card Service Center**
P.O. Box 142319
Irving, TX 75014-2319

January 12, 2005

JOELLEN LAMBIOTTE
PATHFINDER I'NTL
9 GALEN ST
WATERTOWN MA  02472-4515

ACCOUNT NUMBER
⬛⬛⬛⬛⬛⬛⬛3857

Dear JOELLEN LAMBIOTTE:

Recent amendments to the Fair Credit Reporting Act require us to notify you of the following important information regarding credit reporting:

We have told a credit bureau about a late payment, missed payment or other default on your account. This information may be reflected in your credit report.

We appreciate your business.

Sincerely,

S. Larson

S. Larson
Customer Service
FEDERAL REGULATIONS REQUIRE THE STATEMENT PRINTED ON THE
REVERSE SIDE

O/LS/05001I/ZZ/SY/ZP/8000/SYSTEMB /446



## PRYOR, ROBERTSON & BARRY, PLLC
### ATTORNEYS AT LAW
315 NORTH SEVENTH STREET
P.O. DRAWER 848
FORT SMITH, ARKANSAS 72902-0848

THOMAS B. PRYOR, P.A.*
THOMAS E. ROBERTSON, JR.
BEN T. BARRY
JOHN R. BEASLEY
GREGORY G. SMITH
GREGORY T. KARBER
JOHN D. ALFORD, P.A.*
KENNETH W. COWAN
C. BRIAN MEADORS, P.A.
ROBERT D. KELLY
REBEKAH J. KENNEDY

*Of Counsel

February 14, 2005

THOMAS B. PRYOR  (1868-1952)
THOMAS B. PRYOR JR.  (1904-1950)
G. BYRON DOBBS (1907-1976)
OWEN C. PEARCE (1917-1976)
DONALD F. CALLAWAY (1935-1984)

TELEPHONE (479) 782-8813
TELEPHONE (479) 782-7911
FAX (479) 785-0254

Sender's e-mail: ggs@prblaw.com

S. Larson
Customer Service
AT&T Universal Card
P.O. Box 142319
Watertown, MA 02472-2319

> Re:   Jo Ellen Lambiotte
>        Account No. ▮▮▮▮▮▮▮3857
>        PBR No.: 172.068

Dear Sir/Madam:

I'm writing on behalf of my client, Jo Ellen Lambiotte regarding your letter of January 12, 2005 regarding the above described account. A copy of your letter is attached. Please provide me with the name, address and telephone number of the credit bureau referenced in your letter as well as the information you provided to that credit bureau.

If you have any questions regarding my request please get in touch with me.

Sincerely yours,

PRYOR, ROBERTSON & BARRY, PLLC

Gregory G. Smith

GGS:ks
Enclosure
cc: Ms. Jo Ellen Lambiotte

# PRYOR, ROBERTSON & BARRY, PLLC
### ATTORNEYS AT LAW
315 NORTH SEVENTH STREET
P.O. DRAWER 848
FORT SMITH, ARKANSAS 72902-0848

THOMAS B. PRYOR, P.A.*
THOMAS E. ROBERTSON, JR.
BEN T. BARRY
JOHN R. BEASLEY
GREGORY G. SMITH
GREGORY T. KARBER
JOHN D. ALFORD, P.A.*
KENNETH W. COWAN
C. BRIAN MEADORS, P.A.
ROBERT D. KELLY
REBEKAH J. KENNEDY

*Of Counsel

THOMAS B. PRYOR (1869-1952)
THOMAS B. PRYOR JR. (1904-1963)
G. BYRON DOBBS (1907-1976)
OWEN C. PEARCE (1917-1976)
DONALD P. CALLAWAY (1935-1984)

TELEPHONE (479) 782-8813
TELEPHONE (479) 782-7911
FAX (479) 785-0254

Sender's e-mail: ggs@prblaw.com

March 28, 2005

S. Larson
Customer Service
AT&T Universal Card
P.O. Box 142319
Irving, TX 75014-2319

> Re:   Jo Ellen Lambiotte
>        Account No. ██████3857
>        PBR No.: 172,068

Dear Sir/Madam:

On February 14, 2005 I sent you a letter requesting that you provide me with copies of all of the information that you had provided to the credit agencies regarding Ms. Lambiotte. I have not received a response to my letter. Please provide the information I requested within the next ten (10) days. If I do not receive the information or some response to my letter I will file suit on behalf of Ms. Lambiotte.

If you have any questions regarding my request please get in touch with me.

Sincerely yours,

PRYOR, ROBERTSON & BARRY, PLLC

Gregory G. Smith

GGS:ks
enclosure
cc: Ms. Jo Ellen Lambiotte



$ 10.1

02 1A
0004600025
MAILED FROM ZIP CODE 7



# FIRST CLASS MAIL

RESTRICTED
DELIVERY



**CERTIFIED MAIL**

7005 1620 0005 9763 9376

*Shael*
**PRYOR, ROBERTSON & BARRY, PLLC**
ATTORNEYS AT LAW
315 NORTH SEVENTH STREET
P.O. DRAWER 848
FORT SMITH, ARKANSAS 72902-0848

RETURN RECEIPT
REQUESTED

Trans Union LLC
Successor to Trans Union Corporation
c/o Registered Agent for Service
The Prentice-Hall Corporation System
101 South Spring Street, Suite 220
Little Rock, AR 72201